This case was first argued the 19th December, 1804, before ©bimke, Bav, and Brevard, Justices, It was afterwards reargued *497 ihe 9th May, 1805, before Watijes, Bay, Brevard, and Wirds, Justices. Brevard, J. delivered the unanimous opinion of the court, after stating the case, the evidence given at the trial, and the opinion of Johnson, J. The motion in this court is, to set aside the . , nonsuit, and grant a new trial, on the ground, that the judge who presided at the trial, was mistaken in his opinion of the law on the point in question ; and we are of opinion he was mistaken therein, and that a new trial ought to be grafted.
To maintain itover, it must appear that the plaintiff had the actual, or implied rightful possession of the tiling, the subject of the suit. In this case, it appears the plaintiff was the rightful owner of the coffee in dispute, when the demand was made, and had, therefore, the right of possession, for pioperty draws with it the implied possession, although the owner have not actual possession. The defendants had only a special property in the coffee. They had a qualified right of possession only. Clayton himself had no more. The coffee was bailed to him tor a particular purpose. He might have sold, ns me factor or ag-nl. of the plaintiff, but he did not. The power be had to sell, was a personal trust, which did not survive and go to his adminiwrators. He might, or might not, have had a lien on the pi operty, either on account oí a previous debt which was due him from the plaintiff, and payable out of the proceeds of the coffee, when sold, or on account of storage, or other charges, which might be paid by him as factor, in respect of the coffee ; but the nature, or reality of any such lien, has not been proved, but has been supposed, from the face of Clayton’s receipt. But, even admitting the defendants, as administrators, had a lien on the coffee, and might retain the same until the lien was discharged, yet, they had no power, or lawful authority to sell. The coffee in their hands, has been compared to a pawn, or pledge: If the comparison should hold, yet it will not follow that defendants were infilled to sell the pawn, and by that means defeat the right of the pawnor to redeem his pledge, by paying the money for which the thing was pledged. A tender of the money due, will discharge the pawnee’s qualified property: but, in this case, there would have been no usb or propriety in making a tender, when it was known that the coffee was sold by the-defendants, and it was not in their power to deliver. They had wiliully put it out of their power to deliver it; and, by doing so, they committed an illegal act, which illegal act was a tortious conversion of the property in dispute, and makes them liable is-this action.
Motion granted*''
*498 ÍVotc. A factor is a servant, and barely a trustee for his principal; and, thefe> fore, if the latter, having goods in the other’s hands, owes him money by simple? contract, and then dies, inuebted by specially, more than his assets are worth, the factor cannot retain the gooils iieames, 41. 3 Vern. 117. See 13 Vin. Abr. qqt. Factor. Where a power of attorney is a part of a security for money, it is n<lt revoliable- 2 Esp fi 506 3 Johns 534. bruce v. Pearson. A merchant must follow the orders of his customer, or principal, or no contract.-